UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JESUS GONZALEZ

    Plaintiff,

v.

AMAL TRADING, INC, d/b/a Eddy Supermarket,
and CASTILLO PIMENTEL, LLC.

    Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Amal Trading, Inc, d/b/a Eddy Supermarket, and Castillo Pimentel, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.    Defendants, Amal Trading, Inc, and Castillo Pimentel, LLC, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D).

5. Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

6. Defendant, Amal Trading, Inc, is a Florida for-profit corporation, that upon information and belief is the owner and/or operator of a supermarket business known as "Eddy Supermarket", located at 5425 W 20th Avenue, Hialeah, Florida, 33012, and the subject property to this action, (hereinafter "Operator", "Lessee", or "Amal Trading").

7. Defendant, Castillo Pimentel, LLC, is a Florida limited liability company, which upon information and belief is the owner and/or operator of the commercial real property identified as Folio: 04-2035-042-0010, with post address of 5405 W 20th Avenue, Hialeah, Florida, 33012, and the subject property to this action, (hereinafter "Owner", "Lessor", or "Castillo Pimentel").

## FACTS

8. Defendant, "Amal Trading", is the owner and operator of the Eddy Supermarket located at 5425 W 20th Avenue, Hialeah, Florida, 33012, which is open to the general public and therefore a place of public accommodation, and the subject to this action is also referred hereto as "Eddy Supermarket" or "Subject Property".

9. At all times material hereto, Defendant, "Castillo Pimentel", has been the owner of the commercial property that houses "Eddy Supermarket", operated by Defendant, "Amal Trading".

10. As the owner/operator of "Eddy Supermarket", which is open to the public, Defendant, "Amal Trading" is defined as a place of "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2)

11. On September 27, 2024, Plaintiff personally visited "Eddy Supermarket", but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of "Eddy Supermarket" (Defendant, "Amal Trading"), and by the owner of the commercial property which houses "Eddy Supermarket" (Defendant, "Castillo Pimentel").

13. As the owner and operator of a supermarket. Defendant, "Amal Trading", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of commercial property which built out and utilized as a supermarket, an establishment that provides goods/services to the general public, Defendant,

"Castillo Pimentel", is also defined as a "Public Accommodation" within meaning of Title III: 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

15. As the owner of commercial property, which is built as public accommodation, Defendant, "Castillo Pimentel", is aware of the ADA and the requirement to provide equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the "Eddy Supermarket" operated by Defendant, "Amal Trading", and located at the commercial property owned by Defendant, "Castillo Pimentel", but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

18. All requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the "Eddy Supermarket" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant, Amal Trading, Inc, and Castillo Pimentel, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as

prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the commercial property use as "Eddy Supermarket".

25. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant, Castillo Pimentel, LLC, owner of the commercial property, which houses Defendant, Amal Trading, Inc, d/b/a Eddy Supermarket, are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, Amal Trading, Inc, (operator) and Defendant, Castillo Pimentel, LLC, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route by Emergency Department**

    i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope

      violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The access aisle is not marked as per local laws or regulations. The spaces between blue and white. Advisory 502.3.3 Marking. The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations. As per the FBC Fig. 9, FDOT Index # 17346, the space between the blue and white line is 2" and the access aisle is measured from the centerline of the white lines.

iv. There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the accessible elements that area required to be readily accessible and usable by persons with disabilities, violating sections 4.6.3, 36.211 of the ADAAG and Sections 502.3, 36.211, whose resolution is readily achievable.

v. The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty exiting the vehicle, as the designated accessible parking space has a curb ramp encroaching over the access aisles. Violation: Built-up curb ramp encroaches over access aisle violating Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space violating Section 4.6.4 of the ADAAG and Section 216.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Amal Trading, Inc, d/b/a Eddy Supermarket, and Castillo Pimentel, LLC, Defendant, Castillo Pimentel, LLC, (owner of the commercial property) and Defendant,

**Gonzalez v. Amal Trading, Inc.**
**Complaint for Injunctive Relive**

Amal Trading, Inc, (lessee of the commercial property and operator of the Eddy Supermarket located therein) and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this October 18, 2024.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*